WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caleb Oliver Gleave-Riley,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-23-00059-TUC-SHR<br><br>**Order Denying Objection to Report & Recommendation** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 34) issued by United States Magistrate Judge Lynnette C. Kimmins recommending the Court dismiss the Petition for Writ of Habeas Corpus. Petitioner has filed an Objection (Doc. 38) to which Respondents filed a Reply (Doc. 39).

In his Petition under 28 U.S.C. § 2254, Petitioner alleged four claims: (1) ineffective assistance of counsel (IAC) based on erroneous advice regarding a plea offer; (2) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments, as related to victim B.A.; (3) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments based on the judge's statements at sentencing; and (4) a Fifth Amendment violation of his right to an adequate appeal. (Doc. 34 at 3.) Before the Magistrate Judge, Respondents asserted Claims 2, 3, and 4 are procedurally defaulted and Claim 1 is without merit. (*Id.*; *see also* Doc. 11 at 8–16.) The Magistrate Judge found Claims 2, 3, and 4 to be procedurally defaulted and Claim 1 to be without merit. (*See*

*generally* Doc. 34.)

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge."). Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Petitioner objects to the R&R, raising some of the same concerns addressed in his Petition. Specifically, Petitioner states if trial counsel had not "guaranteed and promised . . . he would win at trial, Petitioner would have . . . agreed to the 5 year plea." (Doc. 38 at 1.) Petitioner also discusses various underlying facts of his criminal case and includes a brief discussion of what he believes is exculpatory evidence. (*Id.* at 2.) Petitioner concludes with a generic request for this Court to "review [his] case." (*Id.* at 3.) However, Petitioner does not dispute he failed to properly raise Claims 2, 3, and 4 in state court, nor does he specifically assert the Magistrate Judge's *Strickland* analysis for Claim 1 was incorrect. In their Reply, Respondents assert Petitioner "merely repeats his claims that he turned down a plea agreement because his trial counsel was ineffective and

that this ineffective assistance constitute[d] a 'miscarriage of justice.'" (Doc. 39 at 1.) The Court agrees with the Magistrate Judge's analysis and finds Petitioner's objection too unspecific to warrant further review. Therefore, the Court will adopt the R&R in its entirety, overrule Petitioner's objection, and dismiss the petition.

I.  **Conclusion**

**IT IS ORDERED:**

(1) Petitioner's Objection (Doc. 38) is **OVERRULED**;

(2) The Court **ADOPTS** the R&R in its entirety;

(3) The Petition (Doc. 1) is **DISMISSED with prejudice**;

(4) A certificate of appealability and leave to proceed in forma pauperis on appeal are **DENIED**. Petitioner has not demonstrated that reasonable jurists could find the ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Neiss v. Bludworth*, 114 F.4th 1038, 1046-47 n.1 (9th Cir. 2024) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)); *see also Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); 28 U.S.C. § 2253(c); R. 11, Rules Governing Section 2254 Cases (2019); and

(5) The Clerk of the Court shall enter judgment accordingly and close the case.

Dated this 29th day of January, 2025.

Honorable Scott H. Rash
United States District Judge